**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY LAWSON | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 4:25CV661 HEA |
| | ) | |
| THE KANSAS CITY SOUTHERN | ) | |
| RAILWAY COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss, [Doc. No. 9] and Plaintiff's Motion to Remand, [Doc. No. 14] the parties oppose the respective motions. For the reasons that follow, Defendant's Motion is granted. Plaintiff's Motion is granted.

### Facts and Background

This case was removed from the Circuit Court for the County of St. Louis, Missouri on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant claims Plaintiff expressly raises a federal issue when claiming that Defendant failed to comply "with all the rules and regulations of the Federal Railroad Administration" as well as the "track safety standards and accident /incident standards promulgated by the Federal Railroad Administration . . ."

The case arises out of a collision between a train and a motor vehicle that occurred on June 29, 2015 in Hillview, Illinois. According to the Petition, Plaintiff was operating his vehicle across Defendant's tracts on County Road 460 East when he was struck by a train owned and operated by Defendant.

Plaintiff alleges Defendant

(a) failed to signal the approach of its train by failing to sound the whistle in a timely and/or audible manner;

(b) failed to keep and maintain a constant and vigilant lookout along the track ahead of such engine;

(c) failed to exercise due care in order to avoid injury to any person or property which may be crossing the tracks by allowing for unreasonably dangerous conditions including failing to maintain the approaches such that there existed an excessive grade, failing to install and maintain proper and ICC signage (sic), failed to inspect and maintain the train engines to ensure all equipment thereon was in proper working order, and failing to remove vegetation and obstructions to allow for a clear line of vision for oncoming trains in violation of 740 ILCS 130(1) and (2) et seq; 625 ILCS 5/18c-7401(1), (2), and (3);

(d) operated said train at a speed greater than was reasonable and safe;

(e) failed to keep said train under proper and reasonable control;

(f) failed to apply emergency brakes so as to avoid striking Plaintiff;

(g) failed to issue slow orders or other warnings to its train crews to warn them of the probable presence of

vehicles crossing the track;

(h) failed to post adequate warnings for the public about the possible approach of trains in the area;

(i) failed to inspect for and remove vegetation and other obstructions for its right of way so as to allow motorists approaching the crossing the ability to see the approaching trains; and/or

(j) failed to follow the directives of governing authorities regarding warnings, postings, and/or signage for the subject crossing.

**Standards of Review**

**Motion to Dismiss**

A defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss "is to test the legal sufficiency of [a pleading]." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Additionally, the pleading must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the party must include "either direct or inferential allegations respecting all the material elements

necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the party will ultimately prevail, but whether the party is entitled to present evidence in support of the claim. *Id*.

At the motion to dismiss stage, the Court must accept as true the factual allegations in the pleading and draw all reasonable inferences in the non-movant's favor. See *Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); see also *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009).

**Motion to Remand**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper "only if the action originally could have been filed" in federal court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)

(citation omitted). After removal, a plaintiff may seek remand on jurisdictional grounds, and relief must be granted if it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party "bears the burden of establishing federal jurisdiction," with "[a]ll doubts . . . resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citations omitted). As relevant here, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law most directly when federal law creates the cause of action asserted." *Kellum v. Glister-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852–53 (8th Cir. 2024) (quotation and alterations omitted). Jurisdiction based on a federal question typically "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. at 853 (citation omitted).

## Discussion

Defendant moves to dismiss portions of the Petition as preempted under the Federal Railroad Safety Act, 49 U.S.C. § 20101, *et seq*., and the Locomotive Inspection Act, 49 U.S.C. § 20701, *et seq*. Defendant also moves to dismiss Plaintiff's state law negligence claims pursuant to 625 ILCS 5/18c-7401(1)-(3), claiming they should be dismissed because this statute does not confer a private

5

right of action. Defendant further argues Plaintiff fails to allege facts sufficient to show that 625 ILCS 5/18c-7401 applies to the crossing at issue and that a portion of the statute upon which Plaintiff relies is unconstitutionally vague.

To make a claim of common law negligence against a defendant, a plaintiff must show the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, the defendant's failure proximately caused injury to the plaintiff, and the plaintiff suffered damages. *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 155 (Mo. 2000) (en banc); *Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 431 (Mo. 1985) (en banc). Included in Plaintiff's claims of negligence are a series of claimed failures of Defendant which resulted in Plaintiff's alleged injuries. As Defendant argues, some of these actions fail to state a claim because they are preempted by the FRSA and the Locomotive Inspection Act.

**Failure to Sound Horn**

Plaintiff's claim that Defendant failed to sound the train whistle is preempted by the FRSA and its regulations. 49 C.F.R. §222.1 provides:

The purpose of this part is to provide for safety at public highway-rail grade crossings by requiring locomotive horn use at public highway-rail grade crossings except in quiet zones established and maintained in accordance with this part.

49 C.F.R. § 222.1. Further, Section 222.7 provides:

(a) Except as provided in paragraph (b) of this section, issuance of this part preempts any State law, rule, regulation, or order governing the sounding of the

6

locomotive horn at public highway-rail grade crossings, in accordance with 49 U.S.C. 20106.

49 C.F.R. § 222.7.

**Failure to keep and maintain a constant and vigilant lookout along the track ahead of such engine**;

Sections 213.231 of 49 C.F.R. "prescribes requirements for the frequency and manner of inspecting track to detect deviations from the standards prescribed in this part." 49 C.F.R. § 213.231. The claim Defendant failed to keep a proper lookout  is preempted by the regulations.

At times prior to and subsequent to the Secretary's promulgation of rule 213.2, courts, including the U.S. Supreme Court, have consistently interpreted the provisions of the FRSA to direct federal pre-emption over state laws that address safety concerns covered by federal regulations already in force. See *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993) (ruling that, in determining whether pre-emption applies to a particular state law, the FRSA "directs the courts to determine whether regulations have been adopted that in fact cover the [same] subject matter[.]"); see also *Norfolk Southern Ry. Co. v. Shanklin*, 529 U.S. 344, 352 (2000) ("[T]he FRSA's pre-emption provision dictates that, to pre-empt state law, the federal regulation must cover the same subject matter, and not merely touch upon or relate to that subject matter.") (internal quotation marks omitted); *Thiele v. Norfolk & Western Ry. Co.*, 68 F.3d 179, 182 (7th Cir.1995) ("FRSA ... regulations pre-empt state law, but it allows state law to continue in effect until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter."); *In re Derailment Cases*, 416 F.3d 787 (8th Cir.2005) (deeming that pre-emption applied to a negligent inspection claim when the safety issues giving rise to that claim were addressed in federal regulations promulgated by the Secretary); *Federal Ins. Co. v. Burlington Northern and Santa Fe Railway Co.*, 270 F.Supp.2d 1183, 1188 (C.D.Cal.2003) ("The FRSA not only mandates the frequency and manner of inspecting the tracks to detect deviations, but it mandates who is qualified to perform these inspections. This is precisely the subject matter of [a negligent inspection claim]; thus, it is preempted.").

*Williams v. Amtrak Nat'l. R.R. Passenger Corp.*, No. 4:04-CV-4021-DGW, 2006 WL 3431781, at *2 (S.D. Ill. Nov. 29, 2006)

**Failing to remove vegetation and obstructions to allow for a clear line of vision for oncoming trains in violation of 740 ILCS 130(1) and (2) et seq; 625 ILCS 5/18c-7401(1)(2) and (3).**

Section 213.37 of Title 49 C.F.R. provides:

Vegetation on railroad property which is on or immediately adjacent to roadbed shall be controlled so that it does not—
(a) Become a fire hazard to track-carrying structures;

(b) Obstruct visibility of railroad signs and signals:

(1) Along the right-of-way, and

(2) At highway-rail crossings; (This paragraph (b)(2) is applicable September 21, 1999.)

(c) Interfere with railroad employees performing normal trackside duties;

(d) Prevent proper functioning of signal and communication lines; or

(e) Prevent railroad employees from visually inspecting moving equipment from their normal duty stations.

49 C.F.R. § 213.37. Plaintiff's claim of negligence relating to the vegetation immediately on or adjacent to the railroad track is preempted.

**Failure to inspect and maintain the train engines**

Defendant argues Plaintiff's claims of negligence for failure to inspect and maintain its train engines is preempted by the Locomotive Inspection Act.

The LIA preempts state legislation because Congress intended it "to occupy the field" of "the design, the construction, and the material of every part of the locomotive and tender and of all appurtenances*." Napier v. Atlantic Coast Line R.R. Co.*, 272 U.S. 605, 611, 613, 47 S.Ct. 207, 71 L.Ed. 432 (1926). See *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 55 L.Ed.2d 443 (1978) ("The purpose of Congress is the ultimate touchstone" of preemption analysis). The holding of *Napier* "admits of no exception for state common-law duties and standards of care." *Kurns v. Railroad Friction Prods. Corp.*, 565 U.S. 625, 637, 132 S.Ct. 1261, 182 L.Ed.2d 116 (2012).

*BNSF Ry. Co. v. Seats, Inc.*, 900 F.3d 545, 547 (8th Cir. 2018). Accordingly, Plaintiff's claim regarding the inspection and maintenance of the train engines is preempted.

**Motion to Remand**

Plaintiff moves to remand this matter because it does not raise any federal questions. Defendant opposes the Motion since certain of Plaintiff's claims are preempted by federal law. Defendant properly removed the matter based on the FRSA and the LIA. However, since these claims have been dismissed because they are entirely preempted by federal law, there remain no federal question claims, and Plaintiff's remaining claims are state claims of which the Court originally had supplemental jurisdiction. With no surviving claims giving rise to federal question jurisdiction, the Court determines that it is appropriate to remand Plaintiff's remaining state law claims. *See Ali v. Ramsdell*, 423 F.3d 810, 812 (8th Cir. 2005) (stating that where all federal claims are dismissed on the merits, the district court has discretion to remand pending state law claims.)

**Conclusion**

Based on the foregoing, Defendant's Partial Motion to Dismiss and Plaintiff's Motion to Remand are granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss, [Doc. No. 9], is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

An appropriate order of remand is entered this date.

Dated this 26th day of March, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE